**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No.: _____

**JOHN MORENO,**
**NELSON HERNANDEZ**,
**IRVINSON PEREZ**, &
**CLOVIS POMARE**,
and all others similarly situated,

      Plaintiffs,

v.

**INTERNATIONAL SHIPPING**
**PARTNERS, INC.,** a Florida corporation, &
**JOHN DOE**,

      Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiffs, John Moreno, Nelson Hernandez, Irvinson Perez, and Clovis Pomare, sue Defendant, International Shipping Partners, Inc. ("ISP"), a Florida corporation, and John Doe, for violating the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

**Parties, Jurisdiction, Venue, Facts, Etc.**

1. Plaintiffs, John Moreno, Nelson Hernandez, Irvinson Perez, and Clovis Pomare were, at all material times, employees of ISP and non-exempt employees within the meaning of the FLSA and the FMWA. Plaintiffs are all citizens of the United States who reside in Miami-Dade County. They are all members of the United States Merchant Marines. They are not exempt seamen pursuant to 29 U.S.C. § 213(b)(6). Plaintiffs were hotel stewards, waiters and dining room hosts.

2. Defendant, International Shipping Partners, Inc., is a Florida corporation with its principal place of business listed as 4770 Biscayne Blvd., Penthouse A, Miami, Florida 33137. ISP's Registered Agent is listed as William B. Milliken, 5915 Ponce de Leon Blvd., Suite 63, Miami, Florida 33146.

SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

3.      Defendant, John Doe, is any other yet unidentified employer of the Plaintiffs as that term is defined within the meaning of the FLSA.

4.      Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

5.      Venue is proper because Plaintiffs reside in Miami-Dade County, Florida and Defendant's principal place of business is in Miami-Dade County, Florida. 28 U.S.C. § 89.

6.      On or about January 21, 2010, Plaintiffs signed three-month employment contracts with ISP to work as crew members on the MV Sea Voyager, a U.S.-flagged ship.

7.      The Sea Voyager was stationed in Haiti, for use by United Nations workers that had gone to Haiti following the January 12, 2010 earthquake.

8.      While working on the Sea Voyager, Plaintiffs routinely worked 16-hour days and were not paid overtime wages.  There was no time clock and Plaintiffs' actual work hours were not accurately documented.

9.      Plaintiffs' employment was wrongfully terminated in late February and early March,[1] in breach of their existing employment contracts.

10.      Plaintiffs have retained counsel and are obligated to pay a fee for services rendered.

11.      Plaintiffs sent a presuit demand letter on March 23, but ISP did not respond or acknowledge that letter in any way.

### Count I – Fair Labor Standards Act
### (Unpaid Overtime Violation)

12.      Plaintiffs incorporate paragraphs 1 – 11.

13.      Plaintiffs were non-exempt employees of ISP within the meaning of the FLSA.

14.      ISP was and remains an employer within the meaning of the FLSA.

15.      Plaintiffs worked for ISP and worked in excess of 40 hours per week.

16.      Plaintiffs were not paid overtime wages by ISP for the time periods stated above.

17.      ISP's violation of the FLSA was willful and intentional.

18.      Plaintiffs are entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

---

[1]      Plaintiffs Nelson Hernandez and Clovis Pomare were terminated on February 28, 2010. Plaintiffs John Moreno and Irvinson Perez were terminated on March 5, 2010.

SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

## Count II – Fair Labor Standards Act
### (Minimum Wage Violation)

19. Plaintiffs incorporate paragraphs 1 – 11.

20. Plaintiffs were non-exempt employees of ISP within the meaning of the FLSA.

21. ISP was and remains an employer within the meaning of the FLSA.

22. Plaintiffs worked for ISP.

23. Plaintiffs were not paid proper wages, as determined in their employment contracts, for the period they were employed by ISP.

24. ISP's violation of the FLSA was willful and intentional.

25. Plaintiffs are entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

### Prayer for Relief

Plaintiffs pray that this Court enter judgment in their favor against Defendant, International Shipping Partners, Inc., a Florida corporation, and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems appropriate.

Dated: April 14, 2010

Respectfully submitted,

_____/s/ Matthew Sarelson_____

Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com

SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954(fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com